MICHAEL, Circuit Judge,
concurring in part and concurring in the judgment:
I concur in the judgment and in all but part II of the majority opinion. The broad subject of part II is whether the defendants were improperly sentenced for the drug quantities involved. On that subject this case presents only the question of whether and under what circumstances it is plain error for the jury not to be instructed on drug quantity. On that question I agree that all of the elements of plain error have not been established. I write separately because this case does not present the much more difficult question of whether and under what circumstances it is plain error for the indictment not to include drug quantity. Compare, e.g., United States v. Tran, 234 F.3d 798, 809 (2d Cir.2000) (holding that the failure to include an element of the offense in the indictment is a jurisdictional defect), with United States v. Mojica-Baez, 229 F.3d 292, 310 (1st Cir.2000) (holding that the failure to include an element of the offense in the indictment might not be plain error if there is sufficient evidence to establish the missing element). I do not join the majority’s discussion of this question because, as the defendants ultimately concede, the indictment properly charged drug quantity. This case also does not present the question of whether drug quantity in 21 U.S.C. § 841(b) is an element of the offense or a sentencing factor. That question will be decided in our upcoming en banc decisions in United States v. Angle, 230 F.3d 113 (4th Cir.2000), vacated and reh’g en banc granted (Jan. 17, 2001), and United States v. Promise, Nos. 99—4278, 99-4737, 2000 WL 774804 (4th Cir. June 16, 2000), vacated and reh’g en banc granted (Jan. 17, 2001). I recognize that the majority does not decide this second question, but at this point I respectfully decline to join any extended discussion or characterization of the question.